IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEON FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:12-cv-1053-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Leon Flowers, filed this action on November 30, 2012, challenging the ruling of an Administrative Law Judge ("ALJ") denying his claim for disability insurance benefits and supplemental social security income. Now pending before the court is the Commissioner's motion for summary judgment. (Doc. 11). The Commissioner asserts that the this action should be dismissed because it was not timely filed. Having considered the Commissioner's motion and the Plaintiff's response, the court concludes that the motion for summary judgment is due to be granted.

**Standard of Review**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute[1]] as to any material fact and that the moving party is entitled to judgment

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." Fed. R. Civ. P. 56(a),

as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

---

Advisory Committee Notes, 2010 Amendments.

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due

to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where

pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).  However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

## Discussion

On August 5, 2009, Flowers filed an application a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act, and for supplemental social security income under Title XVI of the Social Security Act.  (Doc. 11-1 p. 8).  After his application was initially denied at the administrative level, Flowers requested and received an administrative hearing before an administrative law judge ("ALJ").  *Id*.  Following the hearing, on January 14, 2011, the ALJ denied the claim.  (Doc. 11-1 p. 15).  Thereafter, Flowers appealed the ALJ's decision to the Appeals Council.  (Doc. 11-1 p. 16).

In a notice dated September 24, 2012, the Appeals Council notified Flowers that it had denied his request for review.  *Id*.  Therefore, on September 24, 2012, the ALJ's decision became the Commissioner's final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see* 20 C.F.R. § 404.900(a)(5) (explaining the administrative review process); 20 CFR § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the

request for review [by the Appeals Council] is denied, is binding unless you or another party file an action in Federal district court.").

The Social Security Act provides that the claimant "may obtain a review of such [final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The Commissioner's implementing regulations provide that the civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual." 20 C.F.R. § 422.210(c).  The " date of receipt of notice of denial of [a] request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

Thus, Flowers is presumed to have received notice of the Appeals Council's decision on Saturday, September 29, 2012, five days after the date of the notice. *Id.*; *Tripp v. Astrue*, 864 F. Supp. 2d 120, 122 (D.D.C. 2012).  Flowers has made no showing that he did *not* receive the notice on or before September 29, 2012.  Therefore, the deadline for Flowers to file a civil action challenging the Commissioner's decision was Wednesday, November 28, 2012, sixty days after September 29, 2012.  20 C.F.R. § 422.210(c).

Flowers did not file this action until November 30, 2012.  (Doc. 1).

In opposition to the Commissioner's motion for summary judgment, Flowers cites Rule 6(a), Fed. R. Civ. P., which provides that, "in computing any time period specified in

[the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute that does not specify a method of computing time," if the last day of a period of time "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(c). Although Flowers fails to explain his citation to Rule 6(a) with any specificity, he may[2] be attempting to argue that, because the last day of the five-day period of presumed receipt was Saturday, September 29, 2012, under Rule 6(a) the period continued to run until Monday, October 1, 2012, and his civil action was timely filed sixty days thereafter on November 30, 2012. However, the five-day grace period at issue is found in a regulation, not "in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute." Fed. R. Civ. P. 6(a)(1). Therefore, by its terms, Rule 6(a) does not support Flowers's position. *See Tripp*, 864 F. Supp. 2d at 122 ("Rule 6(a) does not apply because '[t]he five-day grace period at issue in the present case is specified in a *regulation*, *i.e.*, 20 C.F.R. § 422.210(c),' *Banks v. Astrue*, No. 09–cv–22, 2009 WL 2046861, at *2 (W.D.Ky. June 13, 2009) (emphasis in original), not in the Federal Rules of Civil Procedure or "in any local rule or court order, or in any statute [.]"); *Harmon v. Astrue*, 2010 WL 1790440 (S.D.W. Va. 2010) ("[T]he language in Rule 6(a) is clear that the rules under this heading do not apply to time periods specified in the Commissioner's regulations."); *Banks*, 2009 WL 2046861, at *2 (concluding

---

[2] From the face of Flowers's brief in opposition to the summary judgment motion, it is not entirely clear why he cites Fed. R. Civ. P. 6(a)(1)(c). However, the only relevant period ending on a Saturday, Sunday, or legal holiday is the five-day period of presumed receipt of the notice from the Appeals Council.

that Rule 6(a) does not apply to five day period of presumed receipt of notice from the Appeals Council).

Equitable tolling of the time for filing a civil action may be considered in "extraordinary circumstances" such as when fraud, misinformation, or deliberate concealment by the Commissioner prevented timely filing. *Jackson v. Astrue*, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007). Flowers argues that he should be excused from the limitations period because his former counsel

> ceased to represent [Flowers] upon receipt of the Commissioner's final decision. At which point, [Flowers] was unrepresented! [Flowers] was not able to secure representation to continue pursuing his claim until November 30, 2012. Thus, prior to that time, [Flowers] did not fully understand the requirements of the Act resulting from Amendments to the Act, other legislation, or court decisions.

(Doc. 15 p. 2) (sic).

Standing alone, a claimant's *pro se* status and failure to "fully understand" the law do not constitute "extraordinary circumstances." *See Christides v. Commissioner of Soc. Sec.*, 478 Fed. Appx. 581, 584, 2012 WL 1674182 (11th Cir. 2012) (holding that "[n]either [the claimaint's] *pro se* status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances" sufficient to equitably toll the limitations period for filing a civil action). Thus, equitable tolling does not apply merely because the plaintiff was unrepresented following receipt of the notice from the Appeals Council. *See Jackson*, 506 F.3d at 1356 (holding that equitable tolling does not apply "to what is at best a garden variety claim of excusable neglect").

that Rule 6(a) does not apply to five day period of presumed receipt of notice from the Appeals Council).

Equitable tolling of the time for filing a civil action may be considered in "extraordinary circumstances" such as when fraud, misinformation, or deliberate concealment by the Commissioner prevented timely filing. *Jackson v. Astrue*, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007). Flowers argues that he should be excused from the limitations period because his former counsel

> ceased to represent [Flowers] upon receipt of the Commissioner's final decision. At which point, [Flowers] was unrepresented! [Flowers] was not able to secure representation to continue pursuing his claim until November 30, 2012. Thus, prior to that time, [Flowers] did not fully understand the requirements of the Act resulting from Amendments to the Act, other legislation, or court decisions.

(Doc. 15 p. 2) (sic).

Standing alone, a claimant's *pro se* status and failure to "fully understand" the law do not constitute "extraordinary circumstances." *See Christides v. Commissioner of Soc. Sec.*, 478 Fed. Appx. 581, 584, 2012 WL 1674182 (11th Cir. 2012) (holding that "[n]either [the claimaint's] *pro se* status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances" sufficient to equitably toll the limitations period for filing a civil action). Thus, equitable tolling does not apply merely because the plaintiff was unrepresented following receipt of the notice from the Appeals Council. *See Jackson*, 506 F.3d at 1356 (holding that equitable tolling does not apply "to what is at best a garden variety claim of excusable neglect").

Ignorance of the law does not constitute an "extraordinary circumstance" for purposes of equitable tolling. *Jackson*, 506 F.3d at 1356. Moreover, in *Jackson*, *supra*, the court was particularly "unpersuaded" by the plaintiff's claims of limited legal experience where, as here, "the Appeals Council's instructions . . . could not have been clearer" in explaining the right to file a claim in federal court. *Id*. The Appeals Council's notice, which was mailed to Flowers's address (Doc. 11-1 pp. 3, 16), included the Commissioner's standard language advising the claimant of his right to file a civil action and explaining the time limit for filing the action. (Doc. 11 p. 18). The notice plainly stated:

> **TIME TO FILE A CIVIL ACTION**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - *The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it during the 5-day period.*
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. 11-1 p. 18) (emphasis added).

Flowers does not allege that he is disabled by any mental deficiency or illness that could have prevented him from comprehending the plain language in the notice from the Appeals Council or from understanding and pursuing his legal rights without the aid of an attorney. The opinion of the ALJ, which the Commissioner attached as an exhibit to the motion for summary judgment, contains no indication of any such disability. (Doc. 11-1 p.

9

8-15).

Accordingly, the court finds no merit in Flowers's argument that he should be excused from the 60-day limitations period because he did not understand the time limitation until he hired counsel on November 30, 2012. *See Jackson*, 506 F.3d at 1356 ("[T]his Court has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test.").

Accordingly, the court concludes that this civil action was not timely filed.

Where, as here, the principle of equitable tolling is inapplicable, an untimely civil action challenging the final decision of the Commissioner must be dismissed for lack of jurisdiction. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Jackson*, 506 F.3d at 1353 ("In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. As such, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI." (Citation omitted).).

Therefore, the Commissioner's motion for summary judgment is due to be granted, and this case is due to be dismissed.

## CONCLUSION

For the reasons stated above, and for good cause, it is

**ORDERED** that the motion for summary judgment (Doc. 11) filed by the

10

Commissioner be and is hereby **GRANTED**. It is further

**ORDERED** that this case be and is hereby **DISMISSED** without prejudice, with costs taxed against the Plaintiff for which execution may issue.

A separate judgment will be entered.

Done this 9th day of April, 2013.

                                      /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE